IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**JAMES CHARLES HARRIS,**

    **Petitioner,**

**vs.**                                                           **Case No. 4:06cv402-SPM/WCS**

**JAMES McDONOUGH,**

    **Respondent.**

    _____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

This cause is before the court upon transfer from the Middle District of Florida. Doc. 9 (file as transferred). References to docket entries 1-8 are to the entries made in the Middle District. The case was transferred on the basis that Petitioner is incarcerated in this district and challenges the execution of his sentence. Doc. 7.

Petitioner filed a 28 U.S.C. § 2241 petition claiming that, at sentencing on March 12, 1995, the trial court awarded 216 days of credit for time served prior to the imposition of sentence. Doc. 1, pp. 2-3. Petitioner asserts this was error because he had been arrested over a year earlier, and was entitled to approximately 369 days

instead.  *Id.*, p. 3.  The first four pages of doc. 11 are virtually identical to doc. 1, but a completed § 2241 application form is attached thereto.

The Middle District treated the initial petition as filed pursuant to 28 U.S.C. § 2254, but on his request the court indicated Petitioner could proceed pursuant to 28 U.S.C. § 2241.  Docs. 3, 5, and 7.  Petitioner said he raised his claim under § 2241 as "the proper avenue in which to raise my claim that have been previously raised in a 28 U.S.C. § 2254" petition which was not considered on the merits as time barred.  Doc. 6, p. 6.  Petitioner indicated that denial of the § 2254 petition was affirmed on appeal.  *Id.* He said there was "no doubt" he would be time barred unless granted leave to file a second or successive petition, and it was his understanding he could file a § 2241 petition as he had no other recourse.  *Id.*, p. 3.  Petitioner attached his application for leave to file a successive habeas corpus petition submitted to the Eleventh Circuit.  Doc. 6, attachments.

According to the application filed in the Eleventh Circuit, Petitioner filed a § 2254 petition in the Middle District of Florida, Orlando Division, raising (*inter alia*) the trial court's failure to award proper credits for time served.  *Id.*, (p. 3 of attached application, summary of claims raised).  He sought to assert in a second or successive motion that the "trial court departed from the essential requirements of law by failure to award proper credit for time served," in violation of due process.  *Id.*, (p. 5 of attached petition). He claimed entitlement to 369 days rather than 216 days of credit.  *Id.*

Research reveals that Petitioner had a § 2254 petition in the Middle District, Orlando Division, which was dismissed with prejudice in 1998.  Middle District case number 6:97cv1491-PCF (docket available in PACER).  The only document in that case

to which this court has electronic access is the order on appeal, doc. 38 in that case. The court did not address or identify any particular claim raised, but found that the § 2254 petition was untimely filed under § 2244(d)(1) (setting forth a one year limitation period) and § 2244(d)(2) (providing for tolling of the period).

Petitioner has filed another petition in this case, doc. 11, repeating his claim to entitlement of a total of 369 days of presentence credit.  Doc. 11.   He filed a motion to proceed in forma pauperis.  Doc. 12.  Most recently, he filed a notice of inquiry as to the status of this case.  Doc. 14.

It is clear from a review of the petition and the application filed in the Eleventh Circuit that Petitioner filed a § 2254 petition raising the issue raised here – that he was entitled to 369 rather than 216 days credit for time served prior to the imposition of his 1995 sentence.  A claim raised in a second or successive § 2254 petition that was presented in a prior petition shall be dismissed, and a claim which was not presented in a prior petition shall be dismissed unless certain conditions are satisfied.  28 U.S.C. § 2244(b)(2).  Even if permitted, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  § 2244(b)(3)(A).  *See also* § 2254 Rule 9 ("[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

Absent authorization, a second or successive § 2254 petition should be summarily dismissed for lack of jurisdiction.  Hubbard v. Campbell, 379 F.3d 1245, 1247

(11th Cir.), *cert. denied*, 542 U.S. 958 (2004) (district court lacked jurisdiction to entertain second or successive petition as petition had not obtained authorization for filing it); Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997), *cert. denied*, 520 U.S. 120 (1997) (same).

Petitioner cannot bypass the restrictions for § 2254 proceedings by labeling his petition as a § 2241 petition.  See Medberry v. Crosby, 351 F.3d 1049, 1060-62 (11th Cir. 2003), *cert. denied,* 541 U.S. 1032 (2004) (§ § 2241 and 2254 provide a single post-conviction remedy rather than alternative remedies; the § 2254 requirements and restrictions apply to prisoners "in custody pursuant to the judgment of a State court" under § 2254(a)); *see also* Gonzalez v. Secretary for the Dept. of Corrections, 366 F.3d 1253, 1277, n. 10 (11th Cir. 2004) (*en banc*)[1] ("nothing the Supreme Court said or did in [Castro v. United States, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003)] implies that the § 2244(b) restrictions can be evaded by the simple expedient of labeling second or successive filings to be something they are not.").

The prior petition counts for purposes of deeming this a second or successive petition, even though it was dismissed as untimely without reaching the merits.  The dismissal of the initial § 2255 motion as untimely "counts," and renders this a second or successive motion.  *See*, Villenueva v. United States, 346 F.3d 55, 59-61 (2d Cir. 2003),

---

[1] The opinion was affirmed but on other grounds in Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).  The Eleventh Circuit's opinion in Gonzalez concerned three consolidated cases, but certiorari was granted as to only one question (the application of Fed.R.Civ.P. 60 in § 2254 proceedings) presented by one petitioner.  Jackson v. Crosby, 437 F.3d 1290, 1294-95 and n. 6 (11th Cir. 2006) (noting that the Supreme Court did not disturb the full *en banc* decision in Gonzalez), *cert. denied*, __ S.Ct. __, 2006 WL 2031297 (October 2, 2006).

*cert. denied,* 542 U.S. 928 (2004) (collecting cases, holding "that a habeas or § 2255 petition that is properly dismissed as time-barred under the AEDPA constitutes an adjudication on the merits for successive purposes."); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) ("a prior untimely petition does count [for purposes of § 2244(b)] because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims.")

It is therefore respectfully **RECOMMENDED** that the § 2241 petition be **SUMMARILY DISMISSED** as an attempt to file an unauthorized second or successive § 2254 petition.

**IN CHAMBERS** at Tallahassee, Florida, on November 13, 2006.


                                  s/    William C. Sherrill, Jr.
                                  **WILLIAM C. SHERRILL, JR.**
                                  **UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**